UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TIMOTHY DOYLE YOUNG,

               Plaintiff,                            Case No. 14-cv-11930

v                                                 Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,

               Defendant.

_____/

**OPINION AND ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. §
1915(g) AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

     Plaintiff Timothy Doyle Young is a federal inmate confined at the Administrative

Maximum Facility located in Florence, Colorado. (ADX Florence). Plaintiff alleges that the

Prisoner Litigation Reform Act of 1995 (PLRA) is unconstitutional. Upon review of Plaintiff's

case and his litigation history in the federal courts, this Court concludes that his civil rights

complaint must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

I.

     Title 28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall require the

parties instituting any civil action, suit or proceeding in such court, whether by original process,

removal or otherwise, to pay a filing fee of $ 350 ...." *See also Owens v. Keeling,* 461 F. 3d 763,

773 (6th Cir. 2006). Plaintiff did not provide the $350.00 filing fee when he filed his complaint.

The PLRA states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the

prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as

amended); *see also In Re Prison Litigation Reform Act,* 105 F.3d 1131, 1138 (6th Cir. 1997).

The *in forma pauperis* statute, 28 U.S.C. § 1915(a), does provide prisoners the opportunity to

make a "down payment" of a partial filing fee and pay the remainder in installments. *See Miller v. Campbell,* 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000). Because Plaintiff has not submitted the necessary $350.00 filing fee for a civil action, the Court will construe his complaint as a request to proceed *in forma pauperis. See Corrion v. State Treasurer,* No. 2:12–cv–15101; 2012 WL 5990119, * 1 (E.D. Mich. November 30, 2012).

A search of federal court records indicates that Plaintiff has at least three prior civil rights complaints that have been dismissed by federal courts for being frivolous, malicious, or for failing to state a claim upon which relief could be granted. *Young v. United States*, No. 1:08–CV–226 (D. Colo. April 16, 2008); *Young v. No Defendants Named*, No. 1:08–CV–413 (D. Colo. April 16, 2008); *Young v. Bureau of Prisons*, No. 1:08–CV–00182 (D. Colo. February 28, 2008). In addition, Plaintiff has been denied leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(g), the "three-strikes" rule, in at least three cases. *Young v. U.S.,* No. 3:14–CV–0420–B, 2014 WL 1660689 (N.D. Tex. April 18, 2014); *Young v. U.S.*, No. 2:13–cv–00833; 2013 WL 6710775 (S.D. Ohio December 18, 2013); *Young v. Crank*, No. 3:13–CV–0389–G–BK (N.D. Tex., Dallas Div., March 1, 2013). [1]

II.

Under the PLRA a federal court may dismiss a case if, on three or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *See* 28 U.S.C. § 1915(g) (1996); *Thaddeus-X v. Blatter*, 175 F. 3d 378, 400 (6th Cir. 1999); *Witzke v. Hiller,* 966 F. Supp.

---

[1] Plaintiff has actually filed over sixty cases in various federal courts around the county. *See Young v. United States*, 88 Fed. Cl. 283, 291 (2009) ("The plaintiff continues to inundate the courts of the United States with his repetitive filings without waiting for a response from the courts. Mr. Young has made himself an example of the type of plaintiff Congress was trying to address when it enacted the [PLRA].").

538, 540 (E.D. Mich. 1997).  The three strikes provision of the PLRA prohibits a prisoner, who has had three prior suits dismissed for being frivolous, from proceeding *in forma pauperis* in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. *See Clemons v. Young,* 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003).  The three-strike provision contained within § 1915(g) applies to *Bivens* actions, as well as civil rights complaints brought pursuant to 42 U.S.C. § 1983. *See e.g. Brown v. Mills,* 639 F.3d 733, 734 (6th Cir. 2011).  A federal district court may *sua sponte* raise the three strikes provision of the PLRA on its own initiative. *Witzke,* 966 F. Supp. at 539.  Moreover, this Court may take judicial notice of a plaintiff's prior dismissals for purposes of § 1915(g). *Green v. Nottingham*, 90 F. 3d 415, 418 (10th Cir. 1996); *Anderson v. Sundquist*, 1 F. Supp. 2d 828, 830 (W.D. Tenn. 1998).

Plaintiff has at least three prior civil rights complaints that were dismissed for being frivolous, malicious, or failing to state a claim upon which relief could be granted.  More importantly, the plaintiff was advised by federal district judges on at least three separate occasions that he was precluded from proceeding *in forma pauperis* in these other civil rights actions pursuant to § 1915(g) because of these prior dismissals.

As the Seventh Circuit has noted: "An effort to bamboozle the court by seeking permission to proceed *in forma pauperis* after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit." *Sloan v. Lesza,* 181 F. 3d 857, 859 (7th Cir. 1999).  In this case, Plaintiff has attempted to do just that by requesting *in forma pauperis* status without revealing that other federal judges have previously precluded him from proceeding *in forma pauperis* pursuant to § 1915(g). *See Campbell v. City of Chicago,* 179 F. App'x 395, 396 (7th Cir. 2006)*; see also Fields v. Gilmore,* 145 F. Supp. 2d 961, 963 (C.D. Ill. 2001); *Ward v. King,* 2009 WL 367859, *2 (E.D. Mich. February 12, 2009); *Demos v. U.S.,* 2008

- 3 -

WL 4387327, *2-3 (E.D. Mich. September 24, 2008); *State Treasurer v. Garrison*, 2008 WL 2831241, *2 (E.D. Mich. July 21, 2008).

Moreover, Plaintiff has not alleged any facts that would establish that he is in imminent danger of serious physical injury, and thus, he does not fall within the exception to the mandate of 28 U.S.C.§ 1915(g). *Mulazim v. Michigan Dept. of Corrections,* 28 F. App'x 470, 472 (6th Cir. 2002).

Plaintiff's complaint is therefore subject to dismissal pursuant to § 1915(g).  Plaintiff may, however, resume any of the claims dismissed under § 1915(g) if he decides to pay the filing fee under the fee provisions of 28 U.S.C. § 1914. *Witzke,* 966 F. Supp. at 540.

Since Plaintiff has had three prior cases dismissed against him for being frivolous, malicious, or failing to state a claim, § 1915(g) bars him from appealing *in forma pauperis. See Drummer v. Luttrell*, 75 F. Supp. 2d 796, 805-806 (W.D. Tenn. 1999).  The Court therefore refuses to certify that any appeal from this dismissal would be in good faith.

III.

Accordingly, it is **ORDERED** that Plaintiff Timothy Doyle Young's  *in forma pauperis* status is **DENIED** and the complaint (ECF No. 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915(g).

It is further **ORDERED** that any appeal taken by Plaintiff would not be done in good faith, and Plaintiff is **DENIED** leave to proceed *in forma pauperis* on appeal.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: June 5, 2014

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and on Timothy Young #60012001, U.S. Penitentiary MAX-ADX, P.O. Box 8500, Florence, CO 81226 by first class U.S. mail on June 5, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS